**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:24-cv-0407-MTS |
| | ) |
| 0.10 ACRES OF LAND, MORE OR LESS, | ) |
| SITUATED IN THE CITY OF ST. LOUIS, | ) |
| MISSOURI; *and* BERNICE CULMORE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

**I.    FINDINGS OF FACT**

1.      This is an eminent domain action brought by the United States of America to acquire fee-simple interest in a 0.10-acre parcel of land in St. Louis, Missouri ("Subject Property").

2.      The United States acquired title to the Subject Property on June 07, 2024 ("Date of Taking"). *See* Conclusion of Law ¶ 5.

**A.  FINDINGS OF FACT ON DETERMINATION OF TITLE**

3.      On the Date of Taking, the Subject Property was owned by Bernice Culmore ("Bernice"), Joseph Culmore ("Joseph"), Maxwell Culmore Jr. ("Maxwell Jr."), and the unprobated estate of Maggie Culmore ("Maggie").[1]  ECF No. 28-1; Exs. A–B.

4.      On the Date of Taking, the Subject Property was also subject to non-possessory interests held by the Collector of Revenue for the City of St. Louis ("City") for unpaid real estate

---

[1] The Court refers to each of the Culmores individually by their given names to avoid confusion and unnecessary repetition, intending neither disrespect nor any indication of familiarity.

taxes and water bills, and by the Metropolitan St. Louis Sewer District ("MSD") for a recorded lien and judgment. Exs. C–E.

5.    Maggie died in February 2023. Exs. F–G.

6.    Maggie's husband Herman predeceased her, passing in April 1984.  Exs. G–H.

7.    There is no known pending or closed probate matter for Maggie's estate.

8.    Maggie had one child during her lifetime: Maxwell Culmore Sr, born in July 1934. ("Maxwell Sr."). Ex. E.

9.    Maxwell Sr. died in April 2017. Ex. A; Ex. I p. 25:12–19.

10.    Maxwell Sr. previously had an interest in the property, which was passed down to Bernice, Joseph, and Maxwell Jr via an order ("Heirship Order") issued by the Probate Division of the St. Louis City Circuit Court on February 14, 2023. Ex. A.

11.    Maxwell Sr. had two sons during his lifetime: Joseph and Maxwell Jr. *Id*.

12.    Maxwell Sr. was also survived by a widow, Bernice. *Id*.

13.    Brittney Bentil ("Brittney") and Brandon Culmore ("Brandon") are the known grandchildren of Maxwell Sr. (and thus Maggie's great-grandchildren). Ex. F.

14.    The United States has not identified or located any other heirs or owners.

15.    The United States named as parties to this action Bernice, Joseph, Maxwell Jr., the City, MSD, as well as Unknown Heirs and/or Devisees of Maggie ("Unknown Heirs"), and Other Unknown Owners ("Unknown Owners").

16.    The United States named "Unknown Heirs" as parties due to the uncertainty surrounding the identity of Maggie's heirs.

17.    The United States named "Unknown Owners" because of language in Maxwell Sr.'s Heirship Order that states that Bernice, Maxwell Jr., and Joseph were "entitled to their

respective interest in [the Subject Property], *subject to any other legal cause of action or judicial determination regarding the ownership or title to said property*." Ex. A (emphasis added).

18.    The United States served Bernice via process server on March 23, 2024. ECF No. 13.

19.    The United States served Joseph via process server on April 5, 2024. ECF No. 16.

20.    The United States served the City via process server on March 26, 2024. ECF No. 14.

21.    The United States obtained and filed a waiver of service from MSD on March 18, 2024. ECF No. 8.

22.    The United States effected service by publication, pursuant to Fed. R. Civ. P. 71.1(d)(3)(B), on Maxwell Jr., the Unknown Heirs, and the Unknown Owners; this Notice was published in the St. Louis Post-Dispatch once a week for three successive weeks, on March 27, April 3, and April 10, 2024. ECF No. 20.

23.    MSD filed an answer seeking a share of the compensation award in this matter but stated that it "has no objection and consents to this Court entering an Order of Condemnation with respect to the property at issue." ECF No. 12 ¶¶ 1, 9.

24.    The City filed a notice seeking a share of the compensation award in the amount of $3,925.06 "including penalties interest and fees representing the total back property taxes owed on the property." ECF No.18 ¶ 1. The City stated that it "has no objection or defense to the taking of this property." *Id.*

25.    No other party has appeared in this case.

**B. FINDINGS OF FACT AS TO JUST COMPENSATION**

26.    The Subject Property consists of a lot in Block 3709 of the city of St. Louis with a physical address of 3659 Windsor Place, St. Louis, MO 63113. ECF No. 2-4.

27.    The United States engaged in negotiation with Maggie in 2022 in an attempt to purchase the Subject Property from her for $68,000. Ex. J, Aff. ¶¶ 29–30.

28.    Maggie passed away in 2023 before the United States could complete its efforts to obtain the Subject Property through voluntary conveyance. Ex. F; Ex. J, Aff. ¶ 30.

29.    The United States condemned the Subject Property in furtherance of a public project to improve health care services to veterans in St. Louis. ECF No. 2-2.

30.    On the Date of Taking, a residential structure was located on the Subject Property. ECF No. 2-4.

31.    The United States deposited $68,000 into the registry of this Court, which represented Plaintiff's estimate of the just compensation due and to be awarded in this case for the taking of the Subject Property. ECF No. 27.

**II.    CONCLUSIONS OF LAW**

1.    The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1358.

2.    Condemnation is an action *in rem* against the taken property itself. *United States v. Petty Motor Co.*, 327 U.S. 372, 376 (1946); *A. W. Duckett & Co., Inc. v. United States*, 266 U.S. 149, 151 (1924). Through these proceedings, the United States obtains clear title to the Subject Property and must justly compensate the owners of the property for the interests taken. *Petty Motor*, 327 U.S. at 376; *A.W. Duckett*, 266 U.S. at 151.

3.    The United States brought this case under the Declaration of Taking Act ("DT Act"), 40 U.S.C. § 3114 *et seq*., and Federal Rule of Civil Procedure 71.1.

4

4.      Pursuant to 40 U.S.C. § 3114(a), the United States filed a Declaration of Taking that stated the authority and public purpose for the taking and described the property and estate to be acquired. ECF No. 2.

5.      The United States acquired title to the Subject Property on June 7, 2024, the date it deposited its estimate of just compensation with the Court. 40 U.S.C. § 3114(b)(1); ECF No. 27. June 7, 2024, is the Date of Taking by operation of law. 40 U.S.C. § 3114(b)(2).

6.      Pursuant to the DT Act, the Court granted the United States possession over the Subject Property on June 7, 2024. 40 U.S.C. § 3114(d)(1); ECF No. 26.

7.      Under the DT Act, just compensation in this case "shall be determined and awarded in the proceeding and established by judgment." 40 U.S.C. § 3114(c)(1).

8.      Compensation is due to any person who owned an interest in the condemned property as of the Date of Taking. *See Danforth v. United States*, 308 U.S. 271, 284 (1939).

9.      "In an action involving eminent domain under federal law, the court tries all issues, including compensation" unless a party demands a jury to decide compensation. Fed. R. Civ. P. 71.1(h)(1); *cf. United States v. Reynolds*, 397 U.S. 14, 18–19 (1970).

10.     No party has demanded a jury or lodged an objection to the taking. *See* Fed R. Civ. P. 71.1(e)(2); Contentions of Fact ¶¶ 24–26.

11.     With no party demanding a jury in this matter, the Court must determine the proper parties to this action and the just compensation due in this case. *See* Fed R. Civ. P. 71.1(h)(1).

## A.      CONCLUSIONS OF LAW AS TO TITLE

12.     In federal condemnation cases, district courts are tasked with determining who held title to the property prior to the taking and are therefore entitled to share in the award of just

compensation. *Tyson v. Iowa*, 283 F.2d 802, 804–06 (8th Cir. 1960); *see also Bullen v. De Bretteville*, 239 F.2d 824, 830 (9th Cir. 1956), *rev'd on other grounds, Lacey v. Maricopa County*, 693 F.3d 896, 925–28 (9th Cir. 2012); *Clark v. White*, 185 F.2d 528, 530 (5th Cir. 1950).

13.     The United States takes no advocacy position on title matters; instead, it may aid the Court on title and distribution matters as amicus curiae. Fed. R. Civ. P. 71.1 advisory committee's note to 1951 amendments, Supp. Report ("[T]he distribution of the award is a matter in which the United States has no legal interest. . . . United States attorneys are expected to aid the court in such matters as amici curiae."). At the Court's request, the United States submitted proposed findings of fact and evidence relating to the Court's title determination in this case.[2]

14.     By virtue of the Heirship Order, Bernice, Maxwell Jr., and Joseph together owned a one-half interest in the Subject Property as of the Date of Taking. Ex. A.

15.     Maxwell Sr.'s Heirship Order disposing of his fifty-percent fee interest in the Subject Property leaves his interest to Bernice, Maxwell Jr., and Joseph. Bernice received fifty percent of Maxwell Sr.'s interest, or a one-fourth interest in the whole of the Subject Property. Maxwell Jr. and Joseph each received one-fourth of Maxwell Sr.'s interest, or one-eighth interests in the whole of the Subject Property, respectively.  The Heirship Order disposed of these interests "subject to any other legal cause of action or judicial determination regarding ownership or title to said property." As such, the United States named "Unknown Owners" as parties to the case. However, there is no other known legal cause of action or judicial determination regarding ownership or title to the Subject Property.

---

[2] The Court thanks counsel for the United States for its able work as amicus curiae.

16.    Maggie owned the other one-half fee interest in the Subject Property as of her death in 2023.

17.    There is no known pending or closed probate matter for Maggie's estate. Consequently, to the extent other heirs in addition to those mentioned herein exist, they are not known at this time. As such, the United States named "Unknown Heirs" as parties to the case.

18.    Maggie's only son, Maxwell Sr., predeceased her. Thus, under Missouri law, Maggie's grandchildren, Joseph and Maxwell Jr., are her only lawful heirs and thus entitled to share in the award of just compensation.  *See* Mo. Rev. Stat. § 474.010 (dividing the intestate[3] property between the surviving spouse and surviving issue, or if there is no surviving spouse, then "the entire intestate property . . . shall descend . . . to the decedent's children, or their descendants, in equal parts"); Mo. Rev. Stat. § 474.020 (defining "descendants" for issue without living parents as "the share of the deceased parent"). Missouri law dictates that great-grandchildren of a decedent are not descendants when the great-grandchildren have a living parent who themselves are a descendant. *See Mercantile Trust Co. v. Brown*, 468 S.W.2d 8, 13 (Mo. 1971) (holding that children with a living parent are not "descendants" eligible to share in distributions); *see also* 5B *Missouri Practice Series, Probate Law & Practice* § 1226 (3d ed.).

19.    MSD and the City have claimed and established non-possessory interests in the Subject Property prior to the Date of Taking.

20.    The parties known to have held interests in the Subject Property prior to the Date of Taking are as follows:

---

[3] Because Maggie's estate has yet to be probated, the United States is not certain she died intestate. Without knowledge to the contrary, the United States has followed Missouri's intestacy statutes in analyzing the issue of Maggie's unknown heirs.

| Party | Basis for Interest in Compensation |
|---|---|
| Bernice Culmore | Judgment of the Circuit Court of the City of St. Louis dated February 14, 2023 in the Matter of Maxwell J. Culmore, Sr., Decedent, Estate No. 2222-PR00730 (Ex. A) |
| Maxwell Culmore Jr. | Judgment of the Circuit Court of the City of St. Louis dated February 14, 2023 in the Matter of Maxwell J. Culmore, Sr., Decedent, Estate No. 2222-PR00730 (Ex. A)<br><br>Heir to Maggie Jean Culmore and successor to her interest in Quitclaim Deed dated November 30, 1989 and recorded December 5, 1989 in Book M824, Page 2027 (Ex. B) |
| Joseph Culmore | Judgment of the Circuit Court of the City of St. Louis dated February 14, 2023 in the Matter of Maxwell J. Culmore, Sr., Decedent, Estate No. 2222-PR00730  (Ex. A)<br><br>Heir to Maggie Jean Culmore and successor to her interest in Quitclaim Deed dated November 30, 1989 and recorded December 5, 1989 in Book M824, Page 2027 (Ex. B) |
| City of St. Louis, Missouri Collector of Revenue | Taxing Authority<br><br>Notice of Lien for Nonpayment of Water/Refuse Bill Charges recorded in the Judgment or Lien Records of the Recorder of Deeds, City of St. Louis on September 2, 2020 in Book 09022020 Page 0090 against Maggie Jean Culmore and Maxwell Culmore (Ex. C) |
| Metropolitan St. Louis Sewer District | Notice of Lien for Non-Payment of Sewer Service Charges recorded in the Judgment or Lien Records of the Recorder of Deeds, City of St. Louis on April 7, 2020 in Book 04072020 Page 0079 against Maggie Jean Culmore (Ex. D)<br><br>Metropolitan St. Louis Sewer District v. Maggie Jean Culmore and Maxwell Joseph Culmore, City of St. Louis Circuit Court, Case Number 2122-AC11721 (default judgment entered April 5, 2022) (Ex. E) |

8

21.     These parties all held interests in the Subject Property prior to the Date of Taking and are entitled to share in the award of just compensation.

22.     No other unknown parties have been identified or appeared; thus, no other parties are entitled to compensation in this case.

**B.      CONCLUSIONS OF LAW AS TO JUST COMPENSATION**

23.     The United States must provide just compensation to the parties who held interests in the Subject Property prior to this condemnation. U.S. Const., amend. V; *Kirby Forest Indus., Inc. v. United States*, 467 U.S. 1, 9–10 (1984).

24.     Such compensation is reduced to a judgment in condemnation proceedings. 40 U.S.C. § 3114(c)(1).

25.     Landowners may present evidence at a trial or hearing on the proper amount of just compensation even if they have not answered or appeared.  Fed. R. Civ. P. 71.1(e)(3).

26.     "Just compensation . . . means in most cases the fair market value of the property on the date it is appropriated."  *Kirby Forest*, 467 U.S. at 10.

27.     Based upon the fair market value of the Subject Property as of the Date of Taking, the just compensation owed by the United States in this case is $68,000.

28.     The following parties (together, the "Compensation Parties") are entitled to the following shares of the award of just compensation in this case:

    a.   Bernice Culmore: $13,924.83;

    b.   Maxwell Culmore, Jr.: $20,887.24;

    c.   Joseph Culmore: $20,887.24;

    d.   Collector of Revenue for the City of St. Louis: $7,745.33; and

    e.   Metropolitan St. Louis Sewer District: $4,555.35.

29.     Judgment will be entered by separate order of the Court against the United States and in favor of the Compensation Parties.

30.     The United States deposited $68,000 in the Court's registry in this matter.

31.     The United States' deposit, together with any interest earned thereon while on deposit, satisfied the judgment to be entered in this case.

32.     The interest accrued in this matter shall be awarded as follows:

a.  Bernice Culmore: 25%

b.  Maxwell Culmore, Jr.: 37.5%

c.  Joseph Culmore: 37.5%

d.  Collector of Revenue for the City of St. Louis: 0%

E.  Metropolitan St. Louis Sewer District 0%

33.     This money may not be withdrawn from the Court's registry except by order of the Court.  *See* 28 U.S.C. § 2042; *see also* E.D. Mo. L.R. 13.04(C).

34.     The Compensation Parties may, by application, seek to disburse their shares of the judgment from the Court's registry at any time.  **The Compensation Parties should carefully review Local Rule 13.04(C)(3) and ensure that their applications contain the requisite information**.[4]

35.     If any amount of the judgment in this case has remained so deposited for at least five years from the date of judgment unclaimed by one or more of the Compensation Parties, the Court shall cause such money to be deposited in the Treasury in the name and to the credit of the United States.  Any claimant entitled to any such money may, on petition to the court and upon

---

[4] The Compensation Parties who are entitled to interest may submit the required I.R.S. Form W-9 to the Clerk of Court at MOEDml_Finance@moed.uscourts.gov.

notice to Counsel for the United States and full proof of the right thereto, obtain an order

directing payment to that claimant.  28 U.S.C. § 2042.

    Dated this 1st day of April 2025

                                             _____
                                             MATTHEW T. SCHELP
                                           UNITED STATES DISTRICT JUDGE